UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES CLARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:22-cv-126-GMB |
| ALABAMA DEPARTMENT OF REVENUE, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

*Pro se* Plaintiff James Clark filed this action against the Alabama Department of Revenue alleging discrimination in violation of the Equal Protection Clause pursuant to 28 U.S.C. § 1983.[1] Docs. 1 & 2.  Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. Doc. 15. Before the court is Defendant's Motion to Dismiss. Doc. 5.  Plaintiff filed multiple documents in opposition to the motion. Docs. 11–14.  Defendant did not file a reply in support despite an opportunity to do so.  For the following reasons, the motion to dismiss is due to be granted.

---

[1] In his responses to the motion to dismiss, Clark references Title VII in describing his discrimination claim. Doc. 12 at 1; Doc. 14 at 1.  Title VII prohibits discrimination by an employer and is not applicable to the facts presented in the complaint. *See* 42 U.S.C. § 2000e-2(a)(1).

## I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

Generally, at the motion to dismiss stage, a court considers only the factual allegations in the complaint itself. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002) (noting that a court's review is "limited to the four corners of the complaint"). However, a court may take judicial notice of certain documents in ruling on a motion to dismiss without converting it to a motion for summary

judgment. *Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013). This includes taking "notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted).

## II.  RELEVANT FACTS

Clark's complaint stems from the settlement of a lawsuit against the United States Department of Agriculture. *See* Docs. 1, 2, 11–14.  Clark appears to have received funds from that settlement without reporting them on his 2013 Alabama individual tax return. *See* Doc. 5-1 at 1.  The Alabama Department of Revenue audited Clark's return and assessed additional tax liability based on the settlement funds.[2] *See* Doc. 2 at 1.

On November 27, 2017, Clark appealed his final tax assessment to the Bibb County Circuit Court, and the Circuit Court upheld the final assessment after a bench trial on July 16, 2019. *See Clark v. Ala. Dep't of Rev.*, CV-2017-000021.00[3]; Doc.

---

[2] The Alabama Department of Revenue also assessed additional taxes associated with revenue on a lawn service and denied a claimed exemption for Clark's dependents. *See* Doc. 5-1 at 1–2.

[3] The court takes judicial notice of Clark's state-court records, which are available at www.alacourt.com. *See Grider v. Cook*, 522 F. App'x 544, 546 n.2 (11th Cir. 2013) (holding that "the district court was permitted to take judicial notice of Grider's state court criminal proceedings"); *see also Keith v. DeKalb County, Ga.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of DeKalb County Superior Court's Online Judicial System pursuant to Fed. R. Evid. 201).  Consistent with the Eleventh Circuit's guidance on best practices when judicially noticing facts under these circumstances, the court has attached a copy of the appeal Clark filed

5-1 at 1–2.  Clark appealed the Bibb County Circuit Court's decision, and the Alabama Court of Civil Appeals ("ACCA") dismissed his appeal when he failed to prosecute it. Doc. 5-1 at 3.  The ACCA denied Clark's application for rehearing (Doc. 5-1 at 4) and, when the time to file a petition for writ of certiorari expired, issued a certificate of judgment on December 16, 2019. Doc. 5-1 at 5.

### III.  DISCUSSION

Clark appears to contend that the Alabama Department of Revenue's audit of his tax return was discriminatory.  He alleges that "black farmers were singled out not for [omission] of income but for receiving the income and because of the amount of the income the [Alabama Department of Revenue] wanted more[] than their fair share of taxes." Doc. 2 at 1.  He thus contends that the audit was motivated by his race in violation of the Equal Protection Clause. Doc. 2 at 1.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). In Alabama, that limitations period is two years. *Id.*  While Clark has not alleged the precise timing of the audit, it must have occurred before November 27, 2017, when Clark appealed his final tax assessment.  More than four years passed before Clark

---

on November 27, 2017. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652–53 (11th Cir. 2020).

filed this action on January 31, 2022.  Clark's claims therefore are barred by the statute of limitations and due for dismissal.

## IV.  CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Doc. 5) is due to be granted.  A separate final order will be entered.

DONE and ORDERED on June 6, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE